UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH RAIMONDO,

    Plaintiff,                                        Case No. 06-15007

v.                                                Honorable John Corbett O'Meara

UNITED STATES DISTRICT COURT
JUDGE DENISE PAGE HOOD, *et al.*,

    Defendants.

_____/

## ORDER OF DISMISSAL

Plaintiff Joseph Raimondo filed a four-count, *pro se* complaint in this court November 11, 2006, alleging the following causes of action: Count I, obstruction of justice; Count II, judge shopping; Count III, "political referencing, by administering justice based upon race, color & party"; and Count IV, "engulfing a political agenda unto the law." Complaint at 17 and 20. The complaint has not yet been served.

The rambling and redundant 23-page complaint attempts to allege causes of action against the following officers, judicial and otherwise, of the United States District Court for the Eastern District of Michigan: the Honorable Denise Page Hood, United States District Court Judge; the Honorable Lawrence P. Zatkoff, former Chief Judge of the United States District Court; the Honorable Wallace Capel, Jr., United States Magistrate Judge; the Honorable Jeffrey Collins, former United States Attorney; Assistant United States Attorney Gary Felder; and other "unlisted defendants." Complaint at 1. Judge Hood presided over four previous cases filed by plaintiff Raimondo; all were eventually dismissed.

Because plaintiff Raimondo paid the requisite filing fee, his complaint is not subject to *sua sponte* dismissal under 28 U.S.C. § 1915(a).  Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999). Generally, in cases in which a filing fee has been paid, the court may not *sua sponte* dismiss the complaint unless it gives the plaintiff notice and an opportunity to amend the complaint.  Tingler v. Marshall, 716 1109, 1111-12 (6th Cir. 1983).  However, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999).

> The complaint begins:
>
>> U.S. Justice:  Dennis [*sic*] Page Hood; & U.S. Magistrate Judge, Wallace Capel, Jr. displayed a deep seated favoritism and antagonism that would make fair judgment impossible:  The pair acted together to harass, sabotage, thwart, & obstruct a White Middle Class pro se in his efforts to present a public corruption case of merit that included members of their political party:  The pair covered up Constitutional crimes that would be otherwise addressed as Constitutional, and Statue violations against Blacks:  The pair acted to engulf their parties political agenda onto the law to further erode; Civil Rights, and Civil Liberty away from:  White Middle Class American Males. The Theodore Levin District Court Judge Shopped for judges that then were allowed to use the, U.S. Detroit Federal Justice Process as a 1960's, Racist Mississippi Court; (in reverse).  The pair performed such reversed racial discrimination; acting on behalf of:  White Liberal Judges, and White Liberal Power:  Acting as Uncle Toms, for a party cause covering up, Constitutional crimes.  As acting Uncle Toms, Defendants' worked to protect the very White Liberal Power Perpetrators that committed the predicated acts that in deed disrupted, and displaced my family; then extorted our American Dream from us: For greedy gain!

Complaint at 1-2.  These allegations and others like it continue for another 22 pages.

Given the utter implausibility of the allegations in the complaint, the court finds no basis for subject matter jurisdiction. Therefore, the complaint is subject to *sua sponte* dismissal. Furthermore, if, subsequent to this order, plaintiff Raimondo files an additional complaint or complaints along these same lines, the court may enjoin and restrain him from filing any other actions in this court without first seeking and obtaining leave of the court.

### **ORDER**

It is hereby **ORDERED** that plaintiff's November 7, 2006 complaint is **DISMISSED.**


                                            s/John Corbett O'Meara
                                            United States District Judge

Dated:  January 29, 2007

I hereby certify that a copy of the foregoing document was served upon Plaintiff this date, January 29, 2007, by ordinary mail.

                                            s/William Barkholz
                                            Case Manager